**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ADRIAN JACOBO ZAVALA,

          Petitioner,

    v.

FERETI SEMAIA, ET AL.,

          Respondents.

No. 5:26-cv-03824-DSR

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE**

## 1.    INTRODUCTION

On July 10, 2026, Petitioner Adrian Jacobo Zavala ("Petitioner"), a noncitizen who has been detained in Immigration and Customs Enforcement ("ICE") custody since May 12, 2026, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging his ongoing detention without a bond hearing pursuant to 8 U.S.C. § 1226(a). See Doc. No. 1. The Petition names as Respondents the Acting United States Attorney General, the Secretary of the United States Department of Homeland Security, the Acting Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations, and the Warden of the Adelanto ICE Detention Center where Petitioner is presently detained, each in his or her official capacity (collectively "Respondents"). Petitioner seeks relief in the form of a Writ of Habeas Corpus ordering his release from immigration custody, or in the alternative, ordering Respondents to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). Id., prayer ¶¶ c, d.

Concurrently with filing the Petition, Petitioner also voluntarily consented under 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment.  See Doc. No. 3.  The case became fully consented three days later pursuant to the United States Attorney's Office's General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases. See General Order 26-05 at Ex. "A" (Doc. No. 5); see also Doc. No. 6.

Also on July 10th, the Clerk of Court served the Petition on Respondents pursuant to General Order No. 26-05, along with a Notice of that General Order. See Doc. No. 5.  On July 17, 2026, Respondents filed their Answer to the Petition. See Doc. No. 8.  On July 20, 2026, Petitioner filed his Traverse.  See Doc. No. 9.

The Court has read and considered all papers filed by each side.  For the reasons discussed below, the Court **GRANTS** the Petition for Writ of Habeas Corpus and orders that Respondents immediately release Petitioner from immigration custody.

**2.    DISCUSSION**

**A.    Jurisdiction and Exhaustion of Administrative Remedies**

Habeas relief extends to those who can show they are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Although Congress has barred courts from reviewing certain discretionary decisions concerning detention or release of noncitizens subject to removal proceedings, see 8 U.S.C. §§ 1226(e), 1252(g), federal courts retain jurisdiction to "review related 'constitutional claims or questions of law.'"  Martinez v. Clark, 36 F.4th 1219, 1224 (9th Cir. 2022) (quoting Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011)), vacated on other grounds by ___ U.S. ___, 144 S. Ct. 1339, 218 L.Ed.2d 418 (2024).  A habeas petition filed by someone in immigration custody seeking an individualized bond hearing "falls within the 'core of habeas.'" Doe v. Garland, 109 F.4th 1188, 1194 (9th Cir. 2024).

2

Habeas petitioners seeking relief under 28 U.S.C. § 2241 generally must first exhaust all available administrative remedies. See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). However, because this requirement is "prudential" and not a "jurisdictional prerequisite," it is subject to waiver. Id. at 1045-46; Arango Marquez v. INS, 346 F.3d 892, 897 (9th Cir. 2003) ("[T]he district court properly waived exhaustion, because the exhaustion requirement in § 2241 cases is prudential, rather than jurisdictional."). Respondents do not argue that Petitioner has failed to exhaust available administrative remedies, and therefore have waived any such possible argument. Any failure to exhaust does not block this Court's consideration of the Petition on its merits.

**B.      Petitioner is Entitled to a Bond Hearing Under 8 U.S.C. § 1226**

Upon Petitioner's request for custody redetermination under 8 U.S.C. § 1226(a), the assigned Immigration Judge determined that he lacked jurisdiction to consider bond for Petitioner pursuant to the Board of Immigration Appeal ("BIA")'s decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). See Pet. at Ex. A (Doc. No. 1-1). In applying that authority to Petitioner, the Immigration Judge necessarily found that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and therefore not eligible for bond consideration under 8 U.S.C. § 1226. Petitioner has thus been denied a substantive bond hearing under 8 U.S.C. § 1226. Pet. at ¶ 7.

Respondents have admitted in their Answer to the Petition, however, that Petitioner is a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, No. 5:25-cv-1873 SSS (BFM), and is therefore subject to the Maldonado Bautista Judgment and the Order enforcing it. See Answer (Doc. No. 8) at 2. The Ninth Circuit has expressly left that Judgment and Order in place as to the Central District of California while the Government's appeal proceeds. See Ninth Cir. Order Dated Mar. 31, 2026, (Doc. No. 17) in Bautisa, et al. v. United States Dep't of Homeland Sec., et al., Ninth Cir. No. 26-1044. Moreover, on July 30, 2026, the

3

Ninth Circuit affirmed the reasoning underlying the Judgment in Maldonado Bautista and rejected the BIA's contrary reasoning in Matter of Hajure Hurtado. See Rodriguez Vasquez v. Bostock, ___ F. 4th ___, 2026 WL 2196424 (9th Cir. July 30, 2026).

"Ultimately, the final judgment entered in [Maldonado Bautista] declared that class members 'are not subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)' and instead are 'entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge' pursuant to 8 U.S.C. § 1226(a)." Uriate v. Mullin, No. 5:26-cv-1474 MCS, 2026 WL 925724, at *2 (C.D. Cal. Apr. 2, 2026) (citing Maldonado Bautista, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025)).

Since Respondents concede that Petitioner is a member of the Maldonado Bautista class, and he is detained in the Central District of California, he is entitled to the application of the Court's declaratory Judgment there that the provision of the Immigration and Nationality Act applicable to his detention is 8 U.S.C. § 1226, not Section 1225.  Petitioner is therefore entitled to a bond hearing.

**C.     Immediate Release is Required to Afford Petitioner Complete Relief**

Petitioner seeks more in this habeas case than just a bond hearing, however; he asks this Court to order his immediate release from immigration custody.  See Pet. (Doc. No. 1), prayer ¶ c.  While Respondents acknowledge Petitioner's entitlement to a bond hearing under Maldonado Bautista, they oppose Petitioner's request for immediate release, arguing "[t]o the extent Petitioner would be entitled to any remedy … at most it would be a bond hearing held before an Immigration Judge under Section 1226(a)." Answer (Doc. No. 8) at ECF 2:21-23.

The Court finds, however, that ordering a bond hearing in this case would be futile given the position already taken by the Immigration Judge when Petitioner previously requested such a hearing.  On July 9, 2026, in denying Petitioner's request for bond, the Immigration Judge wrote:

The Court has carefully considered the orders of the United States Federal District Court for the Central District of California, including that court's orders issued on November 25, 2025, and on December 18, 2025. See Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). (current stay in effect). Respondent is charged as a noncitizen present in the United States without having been inspected and admitted or paroled, see Notice to Appear, and he does not meaningfully argue otherwise. This Court, based on its independent assessment of relevant law, regulations, statutes, and caselaw, as part of the Executive Office for Immigration Review, Department of Justice, determines that it lacks jurisdiction over the request for custody redetermination. See Matter of YAJURE HURTADO, 29 I&N Dec. 216 (BIA 2025).

Pet. at Ex. A (Doc. No. 1-1).

The declaratory Judgment entered in Maldonado Bautista is not so easily disregarded, however.[1]  It has "the force and effect of a final judgment or decree." 28 U.S.C. § 2201.  In other words, "a declaratory judgment is a real judgment, not just a bit of friendly advice."  Badger Cath., Inc. v. Walsh, 620 F.3d 775, 782 (7th Cir. 2010).  Thus, Respondents, as parties to Maldonado Bautista, are obligated to comply.  See, e.g., Maness v. Meyers, 419 U.S. 449, 458 (1975) ("We begin with the

---

[1]  Nor is there a "current stay in effect" as applied to class members like Petitioner here, who is detained in the Central District of California.  Both the March 6, 2026, Order and the March 31, 2026, Order from the Ninth Circuit in Maldonado Bautista (Ninth Cir. No. 26-1044) specify that the December 18, 2025, declaratory Judgment is stayed insofar as "extends beyond the Central District of California." (Emphasis added).  The March 6th Order is even more explicit, stating that the Judgment "remains in place as to the Central District of California."

5

basic proposition that all orders and judgments of courts must be complied with promptly."); United Aeronautical Corp. v. United States Air Force, 80 F.4th 1017, 1031 (9th Cir. 2023) ("But in suits against government officials and departments, we generally assume that they will comply with declaratory judgments.").  "After all, the point of a declaratory judgment is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata," and "conclusively resolves the legal rights of the parties."  Haaland v. Brackeen, 599 U.S. 255, 293 (2023) (internal quotation marks omitted).  Thus, even before the Ninth Circuit's decision in Rodriguez Vasquez v. Bostock, the Judgment in Maldonado Bautista required that Petitioner be considered for bond.

At the same time, however, while the Ninth Circuit left in place Maldonado Bautista's declaratory Judgment that class members like Petitioner are subject to Section 1226(a) and therefore entitled to bond hearings (and then affirmed that principle in Rodriguez Vasquez v. Bostock), it also stayed Maldonado Bautista's Order vacating Matter of Yajure Hurtado.  See Ninth Cir. Order Dated Mar. 31, 2026, (Doc. No. 17) in Bautisa, et al. v. United States Dep't of Homeland Sec., et al., Ninth Cir. No. 26-1044.  This puts the Immigration Judge in an impossible position.  One the one hand, the unstayed Judgment in Maldonado Bautista requires that Petitioner and other class members like him be considered for bond under Section 1226(a), as discussed above.  On the other hand, because the vacatur of Matter of Yajure Hurtado is stayed, that BIA decision holding the exact opposite of the Judgment in Maldonado Bautista (and now Rodriguez Vasquez v. Bostock) remains also binding on the Immigration Judge.  The Immigration Judge therefore faces the no-win situation where no matter what he does, it will violate binding authority.

Ultimately, the Immigration Judge here sided firmly with the BIA's decision, writing that "as part of the Executive Office for Immigration Review, Department of Justice," he "lacks jurisdiction over [Petitioner's] request for custody

6

redetermination.  See Matter of YAJURE HURTADO, 29 I&N Dec. 216 (BIA 2025)." Pet. at Ex. A.

This Court is mindful that "[i]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court."  E. Bay Sanctuary Covenant v. Biden, 993 F.3d 640, 680 (9th Cir. 2021) (internal quotation marks omitted).  At the same time, the undisputed facts here demonstrate that ordering another bond hearing that complies with the Maldonado Bautista Judgment, and the Rodriguez Vasquez v. Bostock decision, would be futile in light of the contrary administrative authority from the BIA, which the Immigration Judge has already made clear he will follow.  Many courts in this District have recently reached the same conclusion.  See, e.g., Contreras v. Mullin, No. 5:26-cv-01502-AJR, 2026 WL 1679034, at *3 (C.D. Cal. Apr. 10, 2026) ("In light of the Ninth Circuit's administrative stay of the Maldonado Bautista court's February 18, 2026 Order vacating Matter of Yajure Hurtado, 29 I&N Dec. 216, 229 (BIA 2025), the Immigration Judge would be required to once again deny bond based on lack of jurisdiction.");  Kun v. Janecka, No. 5:26-cv-01280-DMG (AYP), 2026 WL 931541, at *5 (C.D. Cal. Apr. 3, 2026) ("To the extent immigration judges consistently invoke Hurtado as governing authority to deny bond in analogous cases, the Court is inclined to agree with Petitioner that ordering a Bautista section 1226(a) bond hearing as a remedial measure would likely be futile.");  Procopio v. Mullin, No. 5:26-cv-01793-SP, 2026 WL 1045658, at *3 (C.D. Cal. Apr. 13, 2026) (finding that in light of continued reliance by immigration judges on Yajure Hurtado, ordering a bond hearing would likely be futile, and immediate release from custody is therefore necessary to provide complete relief to the habeas petitioner); Vega-Huerta v. Acting Director, U.S. Immigration and Customs Enforcement, No. 5:26-cv-2366-DTB, 2026 WL 1529239, at *3 (C.D. Cal. May 28, 2026) (same).  Therefore, the Court concludes that under the circumstances of this

case the only way to provide complete relief to the Petitioner, i.e., to end his unlawful detention – is to order his immediate release.

**3.    ORDER**

Based on the foregoing, the Court GRANTS the Petition for Writ of Habeas Corpus (Doc. No. 1) and orders as follows:

(A) Respondents shall immediately release Petitioner **Adrian Jacobo Zavala (A-Number: 095-758-394)** from custody, subject to reasonable conditions of supervision;  and

(B) within two Court days of the date of this Order, Respondents shall file a status report confirming Petitioner's release.

IT IS SO ORDERED.

DATED: August 7, 2026    _____

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE